IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MICHAEL A. GOTTSON, PRO SE, | § | |
| TDCJ-CID #733144, | § | |
| Previous TDCJ-CID #354320, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:09-CV-0260 |
| | § | |
| BRAD LIVINGSTON, | § | |
| PAMELA WILLIAMS, | § | |
| MARY HOLLIGAN and | § | |
| FNU RUBALCABA, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION;
ORDER GRANTING, IN PART, AND DENYING, IN PART,
DEFENDANT HOLLIGAN'S MOTION FOR PARTIAL SUMMARY
JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES
PURSUANT TO 42 U.S.C. § 1997e; AND ORDER OF PARTIAL DISMISSAL**

The instant cause was received by transfer from the United States District Court for the Western District of Texas, Austin Division, to the United States District Court for the Northern District of Texas, Amarillo Division, on October 7, 2009. Defendants LIVINGSTON and WILLIAMS were dismissed by the United States District Court for the Western District of Texas, Austin Division on July 27, 2009, plaintiff's May 6, 2009 "Motion to Add Defendant and Issuance of Summon's and Complaint by U.S. Marshal's Service/Office" was granted, by which defendant HOLLIGAN was added. Defendant HOLLIGAN's motion to transfer venue was also granted that date, and plaintiff's claims against defendant HOLLIGAN of substandard, unsanitary living conditions, including frigid temperatures and failure to provide sufficient

shower privileges, as well as his safety claims, including his transfer to a cell in a "blind spot," were transferred to the instant Court.

It is of note that plaintiff's claim defendant HOLLIGAN maliciously falsified information in plaintiff's prison records to affect his review and the outcome of such review by the parole board was analyzed and dismissed by District Judge Sam Sparks in the Austin Division before transferring plaintiff's remaining claims against defendant HOLLIGAN to this Court. Further, by the same Order, plaintiff's July 23, 2009, "Fourth Motion to Add Defendants/ Resent Events" was granted by which plaintiff added claims of retaliation against a fourth defendant, RUBALCABA. Plaintiff's claims against defendant RUBALCABA were also transferred to the instant court.

Before the Court for consideration is the motion for partial summary judgment limited to the issue of failure to exhaust administrative remedies filed by defendant HOLLIGAN on December 3, 2009.

The response period has expired, and plaintiff has failed to respond in any way to the motion or to request an extension of time to do so. While the Court cannot grant summary judgment by default because of this failure, *Hibernia National Bank v. Administration Central Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985), the Court is permitted to accept the defendant's evidence as undisputed and may grant summary judgment to defendant upon a prima facie showing of entitlement. *Eversly v. Mbank*, 843 F.2d 172, 174 (5th Cir. 1988); *Bookman v. Shubzda*, 945 F.Supp. 999, 1002 (N.D.Tex.1996).

## PLAINTIFF'S CLAIMS

By his May 6, 2009 "Motion to Add [etc.]," which the Court combines with plaintiff's remaining transferred claims from his original complaint and treats as plaintiff's complaint with respect to defendant HOLLIGAN, plaintiff alleges, in relevant part, that, in retaliation for a prisoner civil rights complaint, cause no. 2:02-CV-0058, filed by plaintiff against several defendants including defendant HOLLIGAN, he was given unsafe cell assignments on May 28, 2008, September 13, 2008, October 27, 2008, November 18, 2008, and April 1, 2009, which was to a "blind cell[1]." Further, in his original complaint, plaintiff had complained of being subjected to cold and unsanitary living conditions by virtue of his cell assignments. Plaintiff states defendant HOLLIGAN's job description requires that she approve Job/Housing assignments, in addition to other responsibilities and approved/ordered the challenged the housing assignments.

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant argues the undisputed summary judgment evidence shows plaintiff has not exhausted administrative grievances in accord with Title 42, United States Code, section 1997e(a) or shown he is exempt from the requirement that he do so. Therefore, defendant argues, plaintiff's claims in this cause are barred.

## STANDARD OF REVIEW
## THE STANDARD OF SUMMARY JUDGMENT REVIEW

Summary judgment may be granted where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

---

[1] A "blind cell" is one which is not readily observable from the picket station.

of law. Federal Rule of Civil Procedure 56(c). Consequently, after adequate time for discovery and upon motion, summary judgment should be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party bears the burden of proof. *Celotex v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

## EFFECT OF PLAINTIFF'S FAILURE TO RESPOND

The Court cannot grant summary judgment by default because of plaintiff's failure to respond, *Hibernia National Bank v. Administration Central Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985); however, the Court is permitted to accept the defendants' evidence as undisputed and may grant summary judgment to the defendants upon a prima facie showing of entitlement. *Eversly v. Mbank*, 843 F.2d 172, 174 (5th Cir. 1988); *Bookman v. Shubzda*, 945 F.Supp. 999, 1002 (N.D.Tex.1996); *Tutton v. Garland Indep. Sch. Dist.*, 733 F.Supp. 1113, 1117 (N.D.Tex.1990); *Buckley v. Dallas County*, Civil Action No. 3:97-CV-1649-BC, 2000 WL 502845 (N.D.Tex. April 27, 2000).

Where the movant does not bear the burden of proof at trial, it may meet its summary judgment obligation by pointing out the absence of evidence to support the non-movant's claims. *See, Celotex v. Catrett*, 477 U.S. 317 at 325. Once the movant has met its obligation, the burden shifts to the non-movant to adduce evidence showing a genuine issue of material fact for trial. *Id*. at 324. This burden may be satisfied by designating specific facts on the record and articulating the precise manner in which they support the non-movant's claims. *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994).

4

Usually, where the nonmovant fails to respond to a motion for summary judgment, he is relegated to his unsworn pleadings, which do not constitute summary judgment evidence. *See, e.g., Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991).

When a party fails to identify evidence in the record to oppose a motion for summary judgment, that evidence is not properly before the court. *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 (5th Cir. 1992). While the court is not prohibited from considering anything in the record, Rule 56 does not require the Court to excavate the entire record in search of evidence to oppose a summary judgment motion, especially where the non-movant has abdicated his responsibility to respond. *See Jones v. Sheehan, Young, & Culp, P.C.*, 82 F.3d 1334, 1338 N.3 (5th Cir. 1996); *Nissho-Iwai American Corp. v. Kline*, 845 F.2d 1300, 1307 (5th Cir.1988)(it is not necessary "that the entire record in the case must be searched and found bereft of a genuine issue of material fact before summary judgment may be properly entered").

"[I]f a plaintiff fails to respond to a properly supported summary judgment motion, [he] cannot meet [his] burden of designating specific facts showing that there is a genuine issue for trial." *Bookman v. Shubzda*, 945 F.Supp. at 1004. Therefore, the Court may consider the evidence presented by the moving party to be undisputed. See *Eversly v. Mbank*, 843 F.2d at 174; *Christian v. Dallas*, 64 F.Supp.2d 617, 623 (N.D.Tex. 1999).

Plaintiff's status as a *pro se* litigant, while it entitles him to a liberal construction of his response, does not excuse him, as the party with the burden of proof, from the requirement that he designate evidence demonstrating an issue of material fact. *Bookman v. Shubzda*, 945 F.Supp. at 1004-1005 (citing *Jones v. Sheehan, Young, & Culp, P.C.*, 82 F.3d at 1338; *Douglass v. United Servs. Auto. Ass'n*, 65 F.3d 452, 455 N.4 (5th Cir. 1995)(cautioning *pro se* litigant that

5

disregard for rules of appellate procedure may result in dismissal), *aff'd on reh'g en banc on other grounds*, 789 F.3d 1415 (1996)), *Christian v. Dallas*, 64 F.Supp.2d at 623; *Buckley v. Dallas County*, Civil Action No. 3:97-CV-1649-BC, 2000 WL 502845 at *4 (N.D.Tex. April 27, 2000). A *pro se* litigant must follow the same procedural rules governing all litigants. *Christian v. Dallas*, 64 F.Supp.2d at 623 (citing *Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th Cir. 1992)(*per curiam*)(*pro se* litigant has no right to notice additional to that provided in Federal Rules of Civil Procedure).

Because of plaintiff's failure to respond, defendants' evidence is accepted as undisputed and summary judgment may issue to defendants upon a prima facie showing of entitlement. *Eversly v. Mbank*, 843 F.2d 172, 174 (5th Cir. 1988); *Bookman v. Shubzda*, 945 F.Supp. 999, 1002 (N.D.Tex.1996).

**THE LAW AND ANALYSIS**

Title 42, United States Code, 1997e(a), as amended by Section 803 of the Prison Litigation Reform Act of 1995, provides that "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "[A]n inmate seeking only money damages must complete a prison administrative process that could provide some sort of relief on the complaint stated, but no money." *Booth v. Churner*, 532 U.S. 731, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). The purposes of the exhaustion requirement are to "give an agency an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court" and to allow for claim resolution in proceedings before an agency because it is faster and more economical than litigation in federal court. *Woodford v. Ngo*, 548

6

U.S. 81, 126 S.Ct. 2378, 2385, 165 L.Ed.2d 368 (2006)(quoting *McCarthy v. Madigan*, 503 U.S. 140, 145, 112 S.Ct. 1081,. 117 L.Ed.2d 291 (1992)). In the Fifth Circuit, a "strict approach" is taken to the exhaustion requirement. *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003), *overruled on other grounds*, *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 2385, 165 L.Ed.2d 368 (2006). In Texas, an inmate is required to follow the two-step grievance process to exhaust administrative remedies. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004).

The PLRA exhaustion requirement requires proper exhaustion in compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). In the wake of *Ngo*, the continued validity of cases which excused exhaustion of administrative remedies on the basis of waiver, estoppel, and futility is questionable. Nevertheless, the *Ngo* court expressly noted it was not addressing a situation where prison officials deliberately devised procedural requirements designed to trap and defeat the claims of unwary prisoners. *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 2392-93, 165 L.Ed.2d 368 (2006).

Defendant presents plaintiff's grievance records [Defendant Holligan's Brief in Support at Exhibit B pp. 6-22] for the time period from September 1, 2008 to March 6, 2009 and argues plaintiff submitted only a single Step 1 grievance during that period concerning the conditions of confinement at the Clements Unit, Step 1 Grievance no. 2009044505 [[Defendant Holligan's Brief in Support at Exhibit B p.7]. Defendants further present an Affidavit from Sandra K. Murphy, custodian of the Offender Grievance Records for the TDCJ, averring there was no record plaintiff ever filed a Step 2 of grievance no. 2009044505 [Defendant Holligan's Brief in Support at Exhibit C at p.23].

7

Review of the grievances presented by defendant reveals that, in Step 2 Grievance No. 2009016324, plaintiff grieves that he has been provided unsafe housing assignments causing him to live in fear, that his personal property was stolen, and that "because in 2002 [he filed] a 42 U.S.C. 13 civil rights complaint naming the chief classification officer Mary Holligan as a defendant and the fact that [he is] an Afro American Texas State Prisoner and litigant[,] [he is] being retaliated against and denied equal treatment and privileges that white prisoners on the Clements Unit receive, i.e., (white 62, 63, cells, 14, 15 cells as Afro-American litigants and/or those who file grievances are not [sic et passim]." Review of the underlying Step 1 grievance reveals plaintiff complained of unsafe housing assignments causing him to live in fear and retaliation due to "retaliative purposes."

Thus, review of defendant HOLLIGAN's un-refuted summary judgment evidence clearly demonstrates plaintiff has exhausted administrative remedies with respect to his claim of being placed in unsafe housing assignments in retaliation for his having filed a civil rights lawsuit in 2002, Cause No. 2:02-CV-0058, in which defendant HOLLIGAN was one of the named defendants.

As to plaintiff's remaining claims of having been subjected to cruel and unusual punishment by virtue of the cold, unsanitary conditions and the failure to provide sufficient shower privileges, all by virtue of his cell assignments, plaintiff has utterly failed to point to any summary judgment evidence of record showing he exhausted administrative remedies with respect to that claim, and review of his nearly-illegible grievances does not reveal any Step 2 grievance and underlying Step 1 grievance exhausting such claim.

**CONCLUSION**

For the reasons set forth above, it is clear that, drawing all reasonable inferences in favor of the nonmoving party, defendant HOLLIGAN has shown there are no material issues of disputed fact which preclude entry of partial summary judgment in the instant cause with respect to plaintiff's claims of having been subjected to cruel and unusual punishment by virtue of cold, substandard, or unsanitary conditions of his cell assignments. Federal Rule of Civil Procedure 56(c).

As to plaintiff's remaining claim against defendant HOLLIGAN of having been given unsafe cell assignments in retaliation for his 2002 civil rights lawsuit naming her as a defendant, defendant HOLLIGAN has failed to show there are no material issues of disputed fact which preclude entry of partial summary judgment in the instant cause with respect to plaintiff's claims of having been subjected to cruel and unusual punishment by virtue of his cell assignments. Federal Rule of Civil Procedure 56(c).

IT IS HEREBY ORDERED that defendant HOLLIGANs' motion for partial summary judgment be GRANTED, IN PART, AND DENIED, IN PART. PLAINTIFF'S CLAIM OF BEING SUBJECTED TO COLD, SUBSTANDARD, AND UNSANITARY LIVING CONDITIONS AS A RESULT OF HIS CELL ASSIGNMENTS IS DISMISSED AS BARRED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES BEFORE FILING SUIT IN FEDERAL COURT. 42 U.S.C. §1997e(a).

The United States District Clerk shall mail a copy of this Memorandum Opinion, Order Granting, in Part, and Denying, in Part, Defendant Holligan's Motion for Summary Judgment

Limited to the Defendant of Exhaustion of Administrative Remedies, and Order of Partial Dismissal to plaintiff and to each attorney of record by first class mail.

It is SO ORDERED.

Signed this the 21st day of September, 2010.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
United States District Judge